CEDAR RAPIDS NATIONAL BANK, a Corporation, v. HONORABLE J. A. COFFEY, as Judge of the Fifth Judicial District of North Dakota.

(141 N. W. 997.)

**Mandamus — statement of case — statutory fine — respondent — record on appeal — certification.**

On the hearing of an alternative writ of mandamus issued to compel the re-

spondent, as judge of the fifth judicial district, to settle a statement of the case proposed by plaintiff, and to correct or make an additional certificate to the judgment roll on appeal, or to show cause why he has not done so, *held*, that relator is not entitled to the relief prayed for; it appearing that the statutory time prescribed for the settlement of a statement of the case has long since expired, and the time within which to settle a statement of the case has not been enlarged; also, it does not appear that respondent has at any time refused, upon proper request, to certify to the record on appeal.

Opinion filed May 24, 1913.

Original application to the Supreme Court for a writ of mandamus. Alternative writ issued, but dismissed after a hearing on the merits.

*George H. Stillman,* Carrington, North Dakota, for plaintiff.

*Maddux & Rinker,* New Rockford, North Dakota, for respondent.

Fisk, J.   On the application of relator an alternative writ of mandamus was issued out of this court on April 17th, directed to the Honorable J. A. Coffey, as judge of the fifth judicial district, commanding him forthwith to complete and correct a certain record on appeal and the certificate thereto, and to settle and allow plaintiff's proposed statement of the case for use on such appeal, or such statement as accords with the facts, or show cause before this court on April 24th, why he has not done so.   On the return day respondent appeared by counsel and first moved to quash such alternative writ, for reasons stated in such motion, and afterwards filed a verified answer to such writ, setting forth ten distinct grounds why such writ should be dismissed, and submitting as a part of such answer or return three affidavits,—one by respondent, one by C. J. Maddux, and the other by C. J. Stickney.

In view of the inevitable conclusion to which we are forced on the merits, we deem it unnecessary to notice respondent's motion to quash the writ, nor do we deem it necessary to notice more than two of the grounds urged as a defense upon the merits.

The affidavit of Maddux is to the effect that notice of the entry of judgment in the case of Cedar Rapids National Bank v. George W. Morrisey was served upon plaintiff's attorneys, Hoopes and Stillman, by depositing the same in the United States mail, postage prepaid, addressed to said attorneys on January 31, 1912; also inclosing therewith a statement of the costs and disbursements as taxed, notice of

retaxation thereof, and a copy of the order for judgment and of the judgment, and that he filed in the clerk's office due proof of such service.

The affidavit of Stickney corroborates that of Maddux, to the effect that on January 31, 1912, the costs in said action were taxed and allowed, and order for judgment and judgment were filed and recorded in said court, and that notice of entry of the judgment was also filed therein on such date, together with an affidavit of service of the notice of final entry of judgment, notice of retaxation of costs, order for judgment, and judgment were filed with him on said date. These affidavits must be accepted by us as conclusive of the facts therein stated. Sec. 7332, Rev. Codes 1905, authorizes service by mail "when the person making the service and the person on whom it is to be made reside in different places between which there is a regular communication by mail." And the following section prescribes the method of service by mail: It reads: "In case of service by mail the paper must be deposited in the postoffice, addressed to the person on whom it is to be served, at his place of residence, and the postage paid." It is true relator's counsel contend that no notice of the entry of judgment was served, but in the light of the affidavits of Maddux and Stickney we must hold that due service was made of such notice, even though the same never in fact reached Hoopes and Stillman. While perhaps not material or controlling, we might here mention the fact that plaintiff's attorneys acquired actual notice of the entry of such judgment shortly thereafter; for an appeal was taken to the supreme court on March 5, 1912, from such judgment. There is no contention that the time in which to settle a statement of the case has ever been enlarged, and under the Code, § 7058, the time in which to settle such statement had long since expired when this application for a writ of mandamus was filed. Manifestly, therefore, the respondent will not be required to settle such statement at this time, and the writ, in so far as this point is concerned, must be denied.

The other relief prayed for by the applicant is that respondent be commanded to forthwith correct the record, or his certificate to the record on appeal, it being contended that only a portion of such record has been certified and transmitted to this court. We apprehend that such relief would be of little avail to plaintiff, in view of our decision

upon the first point. But in any event, we are agreed that, under the showing before us, the petitioner is not entitled to such relief. Respondent, in his return or answer to the alternative writ, states, under oath, that he has not refused to certify the judgment roll, and that no judgment roll has been presented to him with a request to amend the certificate thereto; and in his affidavit he states "that no application was made to the court to amend the certificate to the judgment roll, when the judgment roll was present," and, "that at the time of the issuance of the alternative writ . . . the judgment roll was on file in said supreme court, and has been there at all times since the issuance of said alternative writ." Surely, under these facts, respondent cannot be compelled by mandamus to make the certificate in question.

It follows that the alternative writ should be dismissed, and it is so ordered.